Filed 2/27/23  P. v. Gutierrez CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>ANDRES GUTIERREZ,<br><br>Defendant and Appellant. | C095460<br><br>(Super. Ct. No. 19FE014650) |

The trial court found that defendant Andres Gutierrez violated the terms and conditions of his probation and a criminal protective order requiring that he not harass or stalk Lena J., the mother of their two children.

We note that we refer to the victim by her first name and the first letter of her last name and we refer to a witness below by her initials for her first and last names, pursuant to California Rules of Court, rule 8.90(b)(4), (11).

1

The court revoked defendant's probation and sentenced him to four years in prison for domestic abuse. (Pen. Code, § 273.5; statutory section citations that follow are found in the Penal Code unless otherwise stated.) Defendant contends that the revocation of his probation should be reversed, because a fake Facebook page he created impersonating Lena J. was free speech protected by the First Amendment. Defendant forfeited this claim by not raising it in the trial court. If the claim was not forfeited, we would nonetheless conclude it had no merit. The judgment is affirmed.

## FACTS AND HISTORY OF THE PROCEEDINGS

On July 26, 2019, defendant and Lena J. were arguing in a car parked at a gas station. Defendant and Lena J. lived together and had two children. Defendant punched Lena J. in the face multiple times.

On October 17, 2019, defendant pleaded no contest to domestic abuse. (§ 273.5.) The trial court sentenced defendant to the upper term of four years and suspended the sentence. The court placed defendant on formal probation for five years and ordered him to serve 300 days in county jail. The court also issued a criminal protective order under section 1203.097, subdivision (a)(2) that defendant "must not harass, strike, threaten, assault (sexually or otherwise), follow, stalk, molest, destroy or damage personal or real property, disturb the peace, keep under surveillance, or block movements" of Lena J.

On December 15, 2020, the probation department filed a petition for revocation of defendant's probation, alleging the defendant violated the criminal protective order. Defendant admitted the violation and probation was reinstated.

On June 11, 2021, the probation department filed a second petition to revoke defendant's probation.

On August 12, 2021, the trial court conducted a probation violation hearing. From the testimony and exhibits admitted at the hearing, the following facts came before the trial court: On May 25, 2021, Lena J. awoke to messages from friends asking if she

2

started a new Facebook account. Her name and photograph were in the account profile. The profile also said, "DM [direct message me] of [*sic*] you want my [Social Security number]" and that Lena J.'s name was pronounced "I-smoak-METH." The caption under Lena J.'s name and photograph read: "Recently had a breakdown and I'm coming clean so I can go to heaven." Lena J. received a friend request from the fake account.

One page of the account had photos of Lena J. with skull emojis and the words, "Just say no kids." Lena J.'s face had been altered and feces emojis added. Another page had still photos taken from livestream video Lena J. had posted on her account. One photo of Lena J. had added the words: "Exposing these crackheads! Paperwork on the girl to the right. Will upload docs tonight stay tuned." Lena J. testified that another page had a photo of her "with a penis injected into my mouth, Photoshopped." Yet another page depicted a photo of Lena J. with a pig, pink scribbles, and the following text: "Make sure to add me I'll be posting a video almost slamming a little timesa [*sic*] pedal wagon on top of my ow [*sic*] 5 year old baby Calvin. He was 6 months at the time. fuck it no one will do anything I'm ABOVE THE ! [*sic*] LAW." Other pages in the account contained a photo of paperwork from Lena J.'s testimony against defendant, with the cross-streets of Lena J.'s residence, the make, model and year of her car, and the last four digits of her Social Security number superimposed.

Lena J. reported the fake account to Facebook, which deleted it. Subsequently, her friend, E.D., who had been living with Lena J. from time-to-time, received messages from defendant from his Facebook account, which included an exchange where defendant wrote, "Where you stay at [¶] Don't bitch up now," and E.D. responded, "I'd no longer message me I'm friends wit your babymamma Lena n I stay with your bm [baby mamma]." Defendant responded: "jus know it ain't over [¶] You really don't know how deep in it you are [¶] I ain't got shit to lose [¶] Y'all mfs got my kids took [¶] It's on [¶] You []can run but you can't hide. I'm got to [*sic*] many female cuzzins that wanna whoop yo mf ass . . . ."

Lena J. thought that defendant was sending these Facebook messages to E.D. to get to Lena J. and harass her. Defendant also sent E.D. a Facebook message that said: "Hey neighbor!" with an eyeballs emoji, followed by a face slap emoji, followed by the word "Gotcha." E.D. was at Lena J.'s house at the time. Lena J. felt that defendant was stalking her; she wondered if he was outside her house watching.

Lena J. learned from friends that, in June 2021, defendant put up a post on his own Facebook page apparently referring to criticism of his performance as a father: "YOU ONLY KNOW OF ME AND YOU THE PERSON THAT SPOKE ILL ON ME IN-FUCKED-FORMED YOU TO THE TEETH. MISLED YALL MFS. And how [*sic*] you into sumn way deeper than you know. IT ALWAYS TAKES 2 TO TANGO. AND YOU WILL HAVE TO ANSWER TO THAT ONE DAY SOON I HOPE!" Defendant continued: "My boys love me and ALWAYS WILL AND I LOVE THEM ALWAYS AND FOREVER!! Like I said earlier, NO ONE CAN TAKE THAT FROM ME!!! Ever. It's been a whole 2 ass years and you still find a way to just keep dragging my name thru the mid [*sic*]. And it's like why? Why if you do over me and this and that. You post about me every mf day. Your life is that miserable huh? Plz just find another man and move on. Do whatever just stop DEFAMING me and my wife's character."

In another post in June 2021, defendant wrote: "Trust me you'll never hurt me . . ever!! God had prepared me for this battle way before I ever seen the signs. And I thank you for falsely putting me in jail. . . . . I WILL GET MY VISITATIONS BACK!! AND THAT AINT NO THREAT ITS A MF PROMISE!"

Lena J. emailed screenshots of the fake Facebook account to an investigator with the district attorney's office.

On September 7, 2021, the trial court ruled that "[t]he Facebook page or account pretending to be Lena [J.]'s Facebook site qualifies as an effort to harass her and to contact her, which if done by the defendant would be in violation of the protective order, as it presented her to her friends, the rest of the Facebook world in a disparaging light."

The court described some of the disparaging content and commented: "Clearly the intent of whoever created the images depicted on this fake Facebook site of Lena and who reached out to her actual Facebook friends did not have pure intentions or motive and intended to embarrass her and harass her. The fact it was also sent to her directly with an invitation to become a Facebook friend is an indication that she was targeted. It was a childish, sophomoric effort to harass her."

The trial court then asked: "The issue is, was it the defendant who did it?" The court answered its own question: "For the reasons I shall explain, I have no doubt that it was the defendant who harassed [Lena J.] in this fashion. Accordingly, I do find with a preponderance of the evidence that the defendant is in violation of his probation." The trial court itemized the evidence that led to its conclusion, including that, as Lena J. testified, defendant was one person who would have knowledge of her Social Security number, her residence location, and the model and year of her car. The court concluded that defendant played a primary role in creating this account with the intent to harass and embarrass Lena J.

The trial court further found that it was highly predictable that defendant's posts on his own Facebook account targeting Lena J. would reach her. The court came to the same conclusion regarding defendant's messages to E.D. The court found that defendant intended these harassing communications to be conveyed to Lena J. by third parties.

Accordingly, the trial court found that defendant violated the terms and conditions of his probation not to harass or stalk Lena J. The court also found defendant to be in violation of section 166 by violating the terms of the criminal protective order.

Lastly, the court found defendant's reaching out to E.D. was not only an act of harassment but also stalking. In particular, the messages " 'You can run, but you can't hide,' " and " 'Hi neighbor. Gotcha,' " indicated that defendant was following Lena J. or trying to find out where she lived.

The trial court revoked defendant's probation.

On October 29, 2021, the trial court lifted the suspension on the upper-term four-year prison sentence. The court explained that "the upper term best addresses the potential for future harm posed by [defendant's] inability to control his anger as well as to protect society and prevent [defendant] from committing new crimes of this nature by isolating him for a period of incarceration."

Defendant filed a timely appeal.

## DISCUSSION

### I

Defendant contends the trial court's revocation of probation must be reversed because the fake Facebook account was protected free speech under the First Amendment.

Defendant has forfeited this claim by failing to raise it in the trial court. As the People note, defendant did not claim in the trial court that his conduct was protected speech. Our search of the record revealed only a passing reference to free speech. In closing argument, defense counsel acknowledged that defendant "doesn't have a right for direct threats, but there is a fine line. He has freedom of speech, and it's his Facebook post." Counsel was referring to defendant's posts on his own Facebook account, not the fake Lena J. Facebook account he created. In fact, defense counsel said: "As far as harassment, I would say if your Honor does find enough evidence to support that [defendant] posted this fake Facebook post, I think we all would agree because of the context it's harassment." As indicated, the defense theory was that the People could not prove that defendant created the fake Facebook account. Defendant does not challenge on appeal the trial court's finding that he did.

" ' "[N]o procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having

6

jurisdiction to determine it." ' " (*In re Sheena K.* (2007) 40 Cal.4th 875, 880-881 (*Sheena K.*), quoting *United States v. Olano* (1993) 507 U.S. 725, 731; see also *People v. Clayburg* (2012) 211 Cal.App.4th 86, 93 [claim that restraining order violated First Amendment freedom of speech forfeited when defendant did not raise it below]; *In re M.H.* (2016) 1 Cal.App.5th 699, 713 [" 'All issues, even those involving an alleged constitutional violation, are subject to the rule of forfeiture, and a defendant's failure to raise the issue before the trial court will generally result in the appellate court's refusal to consider it' "], quoting *People v. Navarro* (2013) 212 Cal.App.4th 1336, 1347, fn. 9.)

In *Sheena K.*, the California Supreme Court held that a defendant does not forfeit a First Amendment challenge to a probation condition by failing to object in the trial court, if the claim raises a pure question of law that can be resolved without reference to factual record. (*Sheena K., supra*, 40 Cal.4th at p. 889.) Defendant does not assert that his claim raises a pure question of law. To the contrary, defendant argues that he does not challenge the probation condition or protective order on its face, but rather asserts that the trial court applied the condition to him in a manner that violated his First Amendment right. An "as applied" challenge to a probation condition—as opposed to a facial challenge—does not present a pure question of law. (See *People v. Kendrick* (2014) 226 Cal.App.4th 769, 776 ["*Sheena K.* does not apply to this case because defendant is not raising a facial challenge to the probation condition"]; *In re Victor L.* (2010) 182 Cal.App.4th 902, 928, fn. 19 ["To avoid the forfeiture rule, a challenge to a condition of probation must be one that can be resolved without reference to the sentencing record"].)

Thus, defendant has forfeited the claim that the fake Facebook account he created impersonating Lena J. was protected by the First Amendment.

We conclude defendant's failure to object below and argue his creation of the fake Facebook page was protected by the First Amendment has forfeited this claim on appeal.

7

DISPOSITION

The judgment is affirmed.

_____
HULL, J.

We concur:

_____
ROBIE, Acting P. J.

_____
MAURO, J.